# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QASYCA JALIL AMURA,<br><br>          Petitioner,<br><br>    v.<br><br>DIRECTOR OF THE CALIFORNIA<br>DEPARTMENT OF CORRECTIONS,<br><br>          Respondent. | 1:09-cv-00840-BAK-SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN U.S. DISTRICT JUDGE TO CASE |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 4, 2009, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

    Petitioner, who is presently incarcerated at the California Correctional Institution, Tehachapi, California, raises a series of objections to his treatment in that facility, including, inter alia, (1) refusal to respond to grievances filed by Petitioner; (2) transfer of Petitioner to his present institution from Salinas Valley State Prison on February 9, 2009; (3) his placement in administrative segregation; (4) and harassment by prison authorities, including putting a thumb

1  print in his mashed potatoes, flooding his cell with water, refusing to provide him with a
2  sufficient supply of toilet paper, requiring Petitioner to take certain medications, and listing him
3  as "mentally ill."  (Doc. 1, pp. 3-4).  In a subsequent document filed on June 26, 2009, Petitioner
4  also complains about the lack of writing materials given to inmates, the "outdated" prison law
5  library, inadequate medical and dental treatment, and unspecified "bullying" by prison
6  employees. (Doc. 4).   The petition requests relief in the form of a Court order transferring him
7  back to Salinas Valley State Prison.

## DISCUSSION

9       Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
10 review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
11 plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule
12 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
13 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the
14 petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §
15 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
16 or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
17 Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the
18 Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §
19 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
20 McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
21 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
22       In this case, Petitioner complains that Respondent has engaged in a pattern of bullying
23 and harassment of Petitioner, and that he has been given insufficient medical treatment, legal
24 supplies, and toilet paper, law library facilities, among various other complaints about conditions
25 at his present place of incarceration.  Petitioner's only request for relief is that the Court order
26 him transferred back to his previous place of confinement.
27       Clearly, Petitioner is challenging the conditions of his confinement, not the fact or
28 duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this

petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

The Court HEREBY DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATIONS**

Based on the foregoing, the Court RECOMMENDS as follows:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and,

2. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case..  Within thirty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 2, 2009**               /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE